O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE JEAN GRIBBEN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.  SACV 15-01602 -KES<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Laurie Jean Gribben ("Plaintiff") appeals the final decision of the Administrative Law Judge ("ALJ") denying her application for Social Security Disability Insurance benefits ("DIB") and supplemental security income ("SSI"). For the reasons discussed below, the Court concludes: (1) the ALJ erred by failing to discuss the medical opinions of Dr. Johnson, a State agency consultant; and (2) the ALJ failed to account for conflicts between the testimony of a vocational expert ("VE") and the Dictionary of Occupational Titles ("DOT").

I.

BACKGROUND

Plaintiff applied for DIB on February 1, 2012 and SSI on February 27, 2012, alleging the onset of disability on May 8, 2010. Administrative Record ("AR") 192-200. An ALJ conducted hearings on September 11, 2013 and March 17, 2014, at which Plaintiff, who was represented by an attorney, appeared and testified. AR 46-69.

On April 4, 2014, the ALJ issued a written decision denying Plaintiff's request for benefits. AR 28-40. The ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the cervical spine and left shoulder derangement. AR 33. Notwithstanding her impairments, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: lift no more than 10 pounds occasionally and less than 10 pounds frequently; sit for 6 hours but stand and walk 2-3 hours; occasionally climb ramps and stairs, and occasionally balance, stoop, kneel, crouch, and crawl; cannot climb ladders, ropes, or scaffolds; cannot be exposed to unprotected heights and fast moving machinery; and cannot engage in any overhead lifting bilaterally. AR 35. Based on this RFC and the testimony of a VE, the ALJ found that Plaintiff could still perform her past relevant work as a receptionist, and that she is therefore not disabled. AR 40.

## II.
## ISSUES PRESENTED

<u>Issue No. 1</u>: Whether the ALJ properly assessed probative medical source opinions;

<u>Issue No. 2</u>: Whether the ALJ correctly found Plaintiff capable of performing her past relevant work as receptionist; and

<u>Issue No. 3</u>: Whether the ALJ provided clear and convincing reasons for rejecting Plaintiff's testimony.

Joint Stipulation ("JS") 4.

2

# III.
# DISCUSSION

**A.  <u>The ALJ erred by failing to assess the medical source opinion of State agency consultant, Dr. Johnson.</u>[1]**

The ALJ's discussion of Plaintiff's mental impairments was limited to dismissing the opinion of examining doctor, Dr. Fahmy Ibrahim. AR 39. Dr. Ibrahim opined that the Plaintiff had an adjustment disorder with mental functioning limitations that were mildly to moderately impaired and a Global Assessment Score of 60. AR 39, citing 408-412. The ALJ gave little weight to this opinion, as "there is no evidence of a mental health impairment in the treatment record and no evidence the claimant has undergone mental health treatment." Id.

Plaintiff contends that the ALJ improperly failed to discuss the opinion of Dr. Johnson, a State Agency psychological consultant. JS 7. Dr. Johnson relied on the medical opinion of Dr. Ibrahim to assess Plaintiff with an affective disorder and opined that she was moderately limited in her ability to: (1) remember locations and work-like procedures; (2) understand and remember detailed instructions; (3) carry out detailed instructions; (4) maintain

---

[1] Plaintiff also argues that the ALJ improperly assessed the medical opinions of treating physician, Perry Secor, M.D., and examining physician, Harlan Bleecker, M.D. JS 8-10. The essence of Plaintiff's complaint concerns whether the ALJ's residual functional capacity determination precluding "overhead activity bilaterally" sufficiently addresses the medical opinions of Dr.'s Secor and Bleecker, who limited Plaintiff to occasional or no "reaching at or above shoulder level." Id. Because this Court finds other deficiencies requiring remand, the Court does not reach these contentions. On remand, the ALJ may wish to consider these additional claims of error.

attention and concentration for extended periods; (5) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace with an unreasonable number of length or rest periods; and (6) respond appropriately to changes in the work setting. AR 75-78. Dr. Johnson's report found Plaintiff unable to return to her past relevant work as a receptionist. AR 79. Plaintiff argues that the ALJ erred by failing to address this opinion, particularly because it directly conflicts with the ALJ's finding that Plaintiff could return to her past relevant work as a receptionist. This Court agrees.

The ALJ must "explain the weight given to the opinions" of state agency physicians and psychologists. 20 C.F.R. § 404.1527(e)(2)(ii). The relevant regulations state as follows:

> Administrative Law Judges are not bound by any findings made by State agency medical or psychological consultants, or other program physicians or psychologists. However, State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation. Therefore, administrative law judges <u>must</u> consider findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion evidence, except for the ultimate determination about whether you are disabled.

20 C.F.R. §§ 404.1527(e)(2)(i); 417.927(e)(2)(i). That treatment, consideration, and need for explanation includes assessment of residual function capacity. Social Security Ruling 96-6p.

The ALJ committed plain error when he failed to state any reason for rejecting the opinions of Dr. Johnson. The Commissioner argues that by giving

reasons for rejecting Dr. Ibrahim's opinion, the ALJ also explained his rejection of Dr. Johnson's opinions, because Dr. Johnson relied on Dr. Ibrahim. JS 11. The Court disagrees. Dr. Johnson's report included opinions that went beyond those of Dr. Ibrahim's, including Plaintiff's limitation to simple repetitive tasks and limitations in dealing with work stress. AR 77-79. Dr. Johnson's report also opined that these mental limitations would preclude Plaintiff from returning to her past work as a receptionist. AR 79. This opinion, if assessed and deemed credible by the ALJ, could change the ALJ's Step Four determination of Plaintiff's ability to return to her past work as a receptionist. The ALJ, therefore, must explicitly state his reasons for rejecting Dr. Johnson's opinions.

### B. The ALJ failed to account for conflicts between the DOT and the VE's testimony.

Plaintiff contends that the ALJ erred in finding her able to perform her past relevant work as a receptionist. She alleges that the ALJ did not properly address a discrepancy between the DOT's description of that occupation and the VE's testimony. The Court agrees.

At Step Four of the Commissioner's sequential evaluation process, a claimant has the burden of showing that he can no longer perform her past relevant work. See Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(e), 416.920(e). The ALJ still has a duty at Step Four to make specific findings as to the claimant's RFC, the physical and mental demands of the past relevant work, and the relation of the RFC to the past work. See id. at 845. The ALJ may take the testimony of a VE to find that a claimant can or cannot continue his past relevant work. See id. However, the DOT is the Commissioner's "primary source of reliable job information" and creates a rebuttable presumption as to job classification. See Johnson v. Shalala, 60 F.3d 1428, 1434 n.6, 1435 (9th Cir.1995); see also Tommasetti v.

Astrue, 535 F.3d 1035, 1042. An ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether that testimony conflicts with the DOT. Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007) (citing Social Security Ruling 00-4p). At Step Four, "[i]n order for an ALJ to accept vocational expert testimony that contradicts the Dictionary of Occupational Titles, the record must contain 'persuasive evidence to support the deviation.'" See Pinto, 249 F.3d at 846 (quoting Johnson, 60 F.3d at 1435); see also Tommasetti, 533 F.3d at 1042 (same).

Here, the ALJ determined that Plaintiff had an RFC for sedentary work with the addition limitation of no "overhead activity bilaterally." AR 35. After taking the testimony of a VE, the ALJ determined that Plaintiff could perform her past relevant work as a receptionist (DOT 237.367-038, 1991 WL 672192). The hypothetical testimony of the VE proceeded as follows:

> ALJ: Assume for hypothetical number one, that the hypothetical claimant can lift no more than 10 pounds, and that only occasionally; and less, less than 10 pounds frequently. She can sit for six hours, stand for no more than two to three hours. All the posturals are occasional; but no ladders, ropes, or scaffolding; no heights; no fast moving machinery. In addition to that, she's precluded from any overhead activity bilaterally. Can she do any of her past work?
> 
> VE: No overhead activity bilaterally?
> 
> ALJ: Right.
> 
> VE: I would say could do receptionist.

AR 51-52. The ALJ did not inquire into any conflict potentially raised by this testimony and the DOT. Id.

Plaintiff contends that the VE's testimony raised an apparent, unresolved conflict between the "reaching" requirements of the receptionist clerk job and

Plaintiff's RFC precluding "overhead activity bilaterally." JS 16.

The Court agrees. The DOT describes the receptionist job as an occupation that requires frequent reaching. DOT 237.367-038, 1991 WL 672192. "Frequent" means occurring from one-third to two-thirds of the time. Reaching is defined as "extending hand(s) and arm(s) in any direction." See Social Security Ruling 85-15, at *7; Riad v. Colvin, 2014 WL 2938512, at *5 (C.D. Cal. Jun. 30, 2014) ("[T]he weight of authority in the Ninth Circuit supports the proposition that 'reaching' as used here in the DOT encompasses overhead or above-the-shoulder reaching.") (collecting cases). An apparent conflict exists when, without explanation, an ALJ finds that someone who is limited to no overhead reaching nonetheless can perform DOT jobs that require frequent reaching. Nelson v. Colvin, 2016 WL 1532226, at *4 (C.D. Cal. Apr. 14, 2016) (finding an apparent conflict in ALJ's determination that someone limited to occasional overhead reaching can perform DOT jobs that require frequent reaching).

The Commissioner argues that no apparent conflict exists, claiming that "just because the term 'reaching' includes extending the arms in 'any' direction — such as up, down, out, right, and left — that does not mean that a job that involves reaching necessarily requires extending the arms in all of those directions." JS 21 (citing Ballesteros v. Colvin, 2016 WL 3381280 (C.D. Cal. June 13, 2016)).[2] She also points out that the ALJ clearly presented the limitation against overhead activity to the VE. JS 22. Neither of these points is relevant to the question of whether the ALJ properly inquired into the consistency of the VE's testimony with the DOT, as required by Ninth Circuit

---

[2] Ballesteros is distinguishable from the present case. The ALJ in Ballesteros fulfilled his requirement under SSR 00-4p by advising the VE to explain any deviations from the DOT in her testimony. The ALJ also made explicit findings explaining his resolution of any conflict. Id. at *14.

7

precedent. See Massachi, 486 F.3d at 1552; SSR 00-4p.

**C.    Remand for Further Proceedings Is Appropriate.**

When an ALJ errs in denying benefits, the Court generally has discretion to remand for further proceedings.  See Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended).  Here, remand for further proceedings is appropriate, because the ALJ neither addressed the medical opinions of Dr. Johnson, nor resolved the apparent conflict between the DOT and the VE's testimony. On remand, the ALJ must discuss Dr. Johnson's opinions and determine their credibility in assessing whether Plaintiff's RFC should include limitations due to her mental impairments. The ALJ must also elicit further testimony from the VE concerning the apparent inconsistency between the VE's testimony and the DOT. For clarity, when describing the reaching requirements of receptionist work, the VE may need to distinguish between overhead reaching versus reaching at or above the shoulder, but still below the head. The Court does not reach Plaintiff's other claims of error. Upon remand, the ALJ may wish to consider them.

## IV.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 04, 2016

*Karen E. Scott*
_____
KAREN E. SCOTT
United States Magistrate Judge

8